IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE GUTIERREZ,

    Plaintiff,

vs.                                              No. _____

THE HARTFORD INSURANCE and ANITA CANALES,

    Defendants.

## NOTICE OF REMOVAL

    Property & Casualty Insurance Company of Hartford (Hartford) (improperly sued herein as "The Hartford Insurance"), by and through its counsel of record, Riley, Shane & Keller, P.A. (Courtenay L. Keller), hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico. In support, Hartford states the following:

    1. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Hartford hereby gives notice of removal of all counts and claims asserted by the Plaintiff in the civil action filed in the Fifth Judicial District, County of Chaves, State of New Mexico, styled: *Joe Gutierrez, vs. The Hartford Insurance, Anita Canales, and GEICO Insurance Company*; Fifth Judicial District Cause No. D-0504-CV-2017-00421. Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A-1".

    2. Plaintiff's *Amended Complaint to Recover Damages* (Complaint) was filed in the Fifth Judicial District Court on August 7, 2017. *See* Exhibit "A-2". An Amended Summons was issued by the Fifth Judicial District Court on August 23, 2017. *See* Exhibit "A-3". The Amended Complaint and Amended Summons were delivered to Hartford on December 26, 2017. *See* Exhibit

"A-4". Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446 (b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service").

3. This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

4. Defendant Hartford is a foreign corporation incorporated under the laws of the State of Indiana. Plaintiff is, upon information and belief, a citizen and resident of the State of New Mexico. *See* Exhibit "A-2, at ¶ 1". Defendant GEICO was dismissed from the state court action on January 2, 2018. *See* Exhibit "A-5". Defendant Canales is a resident of Colorado and was issued the Amended Summons to that address on August 23, 2017. *See* Exhibit "A-6".

5. A reasonable estimate of the amount that will be put at issue in the course of the litigation is in excess of $75,000.00,[1] exclusive of interest and costs.

6. This case involves an actual controversy between the parties regarding their respective rights and obligations under a policy of auto insurance. *See generally* Exhibit "A-2", Amended Complaint.

---

[1] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Farmers Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

7. Without admitting the validity of any of Plaintiff's allegations, the amount that will be put at issue in this case will likely exceed the jurisdictional minimum because Plaintiff alleges unjust enrichment and fraud against Hartford and seeks: (a) compensatory damages; (b) punitive damages; (c) costs; and (d) attorneys' fees. *See generally* Exhibit "A-2", Amended Complaint.

8. The total damages sought by Plaintiff in this case, if the facts alleged are proven to be true, will likely exceed the minimum jurisdictional limit because in addition to the claim for compensatory damages arising from the loss of the allegedly stolen vehicle, Plaintiff seeks punitive damages against an insurance based on fraudulent conduct.

9. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). A removing defendant need only establish that state law would permit a recovery of punitive damages and that the "total award, including compensatory and punitive damages, could exceed 'the jurisdictional minimum].'" *Frederick v. Farmers Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2010). Similarly, where recovery of attorneys' fees is permitted by statute, such claims may also be considered in determining whether the amount in controversy requirement is satisfied. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

10. Without admitting any of the Plaintiff's allegations, and without admitting the Plaintiff is entitled to recover any of the claimed damages or attorneys' fees, Hartford submits that the aggregate "value" of what Plaintiff seeks to recover in this case, or what a judgment would be worth to Plaintiff, exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees,

and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

11.     Pursuant to 28 U.S.C. § 1446 (d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Fifth Judicial District Court, County of Chaves, State of New Mexico.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ Original signed by Courtenay L. Keller*
**COURTENAY L. KELLER**
*Attorneys for Defendant Hartford Casualty Insurance Company*
3880 Osuna Road NE
Albuquerque, NM 87109
(505) 883-5030

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 24th day of January, 2018, I caused the foregoing to be electronically filed through the District Court Odyssey filing system. The following parties were served with a true and correct copy of the foregoing as stated.

*Via Electronic Mail*
John Sullivan Hightower
Sanders, Bruin, Coll & Worley PA
PO Box 550
Roswell, NM 88202-0550
(575) 622-5440
*Attorneys for Plaintiff*
jsh@sbcw.com

*Via US Mail on January 25, 2018*
Anita Canales
1131 E. Evans Avenue
Pueblo, CO 81004
(719) 281-9651
*Defendant Pro Se*

By: */s/ Original signed by Courtenay L. Keller*
      **COURTENAY L. KELLER**